# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBINSON and**
**TAYR KILAAB AL GHASHIYAH,**

    **Petitioners,**

    v.                                                                    Case No. 18-CV-1535

**BRIAN FOSTER and**
**DANIEL GABLER,**

    **Respondents.**

## RECOMMENDATION FOR DISMISSAL OF PETITION

Victor Robinson and Tayr Kilaab al Ghashiyah bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of themselves and "other incarcerated persons similarly situated." (Docket # 1.) Al Ghashiyah also brings a motion for leave to proceed without prepayment of the filing fee (Docket # 6) and a "Motion for Rule § 60 Remedy" (Docket # 13).

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A prisoner must also include a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the petition. § 1915(a)(2). Robinson provides no financial information and al Ghashiyah has failed to provide a certified copy of his prison trust account statement. As such, the motion for leave to proceed without prepayment of the filing fee (Docket # 6) is denied.

It would be futile, however, at this juncture to require the petitioners to pay the $5.00 filing fee prior to screening the petition. In an order dated October 10, 2018, I informed Robinson and al Ghashiyah that their habeas petition was improperly brought as a class action and improperly brought as a petition pursuant to 28 U.S.C. § 2241. (Docket # 7.) I informed the petitioners that before I recharacterized the petition from a § 2241 petition to a § 2254 petition, they would be given a chance to withdraw or amend the petition to file separate petitions including all potential claims. I also noted that al Ghashiyah currently has a § 2254 petition pending in the Western District of Wisconsin seemingly raising the same claims he currently raises in this petition and should he wish to proceed with his § 2254 petition in this court, he must show that the factual predicate for the claims raised in this petition were not available when he filed his amended habeas corpus petition on January 13, 2017 in Western District of Wisconsin, Case No. 15-CV-514. (*Id.* at 3.) Both petitioners were given until October 31, 2018 to comply with the order.

Robinson has failed to file a response to the October 10, 2018 order. Thus, I recommend that Robinson's petition be dismissed without prejudice.[1] Al Ghashiyah filed a response, arguing that he should be allowed to proceed with a § 2254 petition in this court because the factual predicate for the claims raised in this petition were not available when he filed his January 13, 2017 petition in the Western District of Wisconsin. (Docket # 12.) Al Ghashiyah further files a motion he characterizes as a "Motion for Rule § 60 Remedy." (Docket # 13.) It appears that al Ghashiyah seeks relief pursuant to Fed. R. Civ. P. 60, which provides relief from a final judgment or order. There is no final judgment or order yet in this case; thus, al Ghashiyah's motion is premature and will be denied.

---

[1] Because the respondents have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

As to his § 2254 petition, al Ghashiyah argues that the current factual predicate raised in this petition could not have been raised previously because it involves actions taken by the parole board subsequent to January 13, 2017 (the date his amended habeas petition was filed in the Western District of Wisconsin). (Docket # 12 at 2–3.) Beyond asserting that this current petition involves his re-application for parole consideration and eligibility, the legal issues are the same as in the petition currently pending. Further, it appears al Ghashiyah is simply unhappy with what he perceives is the excessive delay in deciding his habeas petition in the Western District. (*Id.* at 3.) But this is not grounds for bringing a second petition in this district. For these reasons, it is further recommended that al Ghashiyah's petition be dismissed without prejudice.

**NOW, THEREFORE, IT IS RECOMMENDED** that Robinson and al Ghashiyah's petition be **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED** that al Ghashiyah's motion for leave to proceed without prepayment of the filing fee (Docket # 6) is **DENIED**.

**IT IS FURTHER ORDERED** that al Ghashiyah's Motion for Order for Rule 60 Remedy (Docket # 13) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to

file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 6th day of November, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge