# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR ROBINSON and
JOHN ALBERT CASTEEL,
*also known as* Tayr Kilaab al Ghashiyah,

        Petitioners,

    v.                                      Case No. 18-C-1535

BRIAN FOSTER and
DANIEL J. GABLER,

        Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION

On September 27, 2018, Petitioners Victor Robinson and John Albert Casteel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On October 10, 2018, Magistrate Judge Nancy Joseph issued an order informing Petitioners that their petition was improper under § 2241 and as a class action. ECF No. 7. Judge Joseph allowed Petitioners to withdraw the petition or to amend it and file individual § 2254 petitions. Robinson did not respond to the October 10, 2018 order, and Casteel, who has a § 2254 petition pending in the Western District of Wisconsin, Case No. 15-CV-514, filed a response requesting that he be allowed to proceed with a § 2254 petition. On November 6, 2018, Judge Joseph issued a Report and Recommendation recommending that the petition be dismissed without prejudice. ECF Nos. 15–16. On November 28, 2018, Robinson informed the court that "[t]here will be no response or reply in this matter." ECF No. 18.

The court notes that Casteel, who is also known as Tayr Kilaab al Ghashiyah, is a restricted filer whom the Seventh Circuit sanctioned. *See Al Ghashiyah v. Huibregtse*, No. 09-2775, slip op. at 2 (7th Cir. Oct. 26, 2009). The Seventh Circuit ordered that, until Casteel pays a $500 monetary fine, "any papers he submits attacking his current criminal judgment shall be returned . . . unless the court orders otherwise." *Id.* The court has received no indication that Casteel has paid the fine, so his petition will not be addressed, though the court will address the petition as relevant to Robinson.

In past filings responding to this court's refusal to accept his petition, Casteel argued that the court should address his petition because the Seventh Circuit's sanction applies only to papers filed in the Seventh Circuit Court of Appeals, not district courts within the circuit. *See* ECF Nos. 4–5. Judge Peterson adopted this interpretation in *Al Ghashiyah v. Boughton*, and Judge Joseph followed suit. No. 15-cv-514-jdp, 2016 WL 7116197, at *1 n.2 (W.D. Wis. Dec. 6, 2016) ("I do not take this sanction to apply to filings in this court."); ECF No. 7 at 3 n.1 ("Because the Seventh Circuit order is not entirely clear as to whether it bans district court filings, in an abundance of caution, I will allow al Ghashiyah to file his pleadings in this case."). Casteel's argument is unavailing because the Seventh Circuit issued its sanction "in accordance with *Alexander v. United States*, 121 F.3d 312, 315–16 (7th Cir. 1997)," and in *Alexander*, the Seventh Circuit's sanction applied to the "clerks of all courts within this circuit." 121 F.3d at 316. Casteel is accordingly barred from filing papers attacking his criminal judgment in this court until he evidences that he has paid his monetary fine.

Although the court finds that the Seventh Circuit's issuance of its sanction "in accordance with *Alexander*" and the plain language of the sanction, which encompasses "any papers [Casteel] submits attacking his current criminal judgment," are sufficient to bar Casteel's claims here, Casteel's petition would nonetheless be dismissed because the legal issues presented are the same as those

2

presented in his pending petition in the Western District. Indeed, Casteel acknowledges in his objections to the Report and Recommendation that "the Western District declined to allow [his] lawful claims to be heard," so it "makes real sense for the undersigned who failed to find justice elsewhere to come" to this court. ECF No. 17 at 4.

After consideration of the Report and Recommendation, the record, and the sanction against Casteel, the court adopts the Report and Recommendation with respect to Robinson and orders the petition (ECF No. 1) dismissed without prejudice. Because of his restricted filer status, Casteel's filings are barred and he is terminated from the case. In the event that the Seventh Circuit's sanction in Case No. 09-2775 fails to encompass filings in this court, his petition nevertheless fails for the reasons stated in the Report and Recommendation. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** this   5th   day of December, 2018.

                                                           s/ William C. Griesbach
                                                           William C. Griesbach, Chief Judge
                                                           United States District Court