# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR ROBINSON and
JOHN ALBERT CASTEEL,
*also known as* Tayr Kilaab al Ghashiyah,

        Petitioners,

v.                                         Case No. 18-C-1535

BRIAN FOSTER and
DANIEL J. GABLER,

        Respondents.

## ORDER DIRECTING RESPONSE

On December 13, 2018, Petitioner John Albert Casteel, who is incarcerated at Waupun Correctional Institution and also known as Tayr Kilaab al Ghashiyah, filed a notice of appeal from this court's December 6, 2018 order denying him relief under 28 U.S.C. § 2241. Although Casteel's petition is styled as a § 2241 petition, his petition was recharacterized as a § 2254 petition for screening at his request.[1]  ECF No. 15 at 2.  The court denied his petition because Casteel is a restricted filer whom the Seventh Circuit Court of Appeals has sanctioned, *see Al Ghashiyah v. Huibregtse*, No. 09-2775, slip op. at 2 (7th Cir. Oct. 26, 2009), and because his petition raised the same underlying legal issues that he presented in a now-dismissed § 2241-turned-2254 petition before the Western District of Wisconsin, Case No. 15-CV-514.  The Court of Appeals' 2009

---

[1] Casteel's co-petitioner, Victor Robinson, was directed to notify the court whether he wished to withdraw his § 2241 petition or proceed under § 2254. ECF No. 7. Robinson notified the court that "[t]here will be no response or reply in this matter" and that he was "sorry for wasting the courts [sic] time," ECF No. 18, which this court construes as a voluntary withdrawal. Although the Court of Appeals vacated this court's judgment dismissing the § 2241 petition with respect to both petitioners, dismissal of Robinson's petition is again appropriate. This matter will proceed on Casteel's petition, which is recharacterized as a § 2254 petition.

sanction provides that, unless Casteel pays a monetary fine, which he has not yet done, "any papers he submits attacking his current criminal judgment shall be returned." *Al Ghashiyah*, No. 09-2775, at 2. On December 19, 2018, Casteel filed a motion to proceed on appeal *in forma pauperis*, which this court denied. On January 15, 2019, Casteel filed another motion for leave to appeal *in forma pauperis* in this court and in the Court of Appeals.

In an order dated January 23, 2019, the Court of Appeals granted Casteel's motion to proceed *in forma pauperis* on appeal, vacated this court's judgment dismissing Casteel's petition, and remanded the case for this court to resolve the ambiguity of whether Casteel seeks to attack his conviction, in which case the Court of Appeals' 2009 sanction would bar his petition, or challenge the denial of his application for parole, making the sanction inapplicable. The Court of Appeals entered its mandate on February 14, 2019. In light of the Court of Appeals' order, I will now conduct a review of Casteel's petition, which this court characterizes as a § 2254 petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Rule 4 reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Upon review, Casteel's petition seems to challenge the denial of an application for parole rather than his underlying conviction, making the Court of Appeals' 2009 sanction inapplicable. As the court noted in its original order, Casteel's petition appears identical to petitions he previously

2

filed in the Western District of Wisconsin. *See* WIWD Case Nos. 08-CV-413-slc and 15-CV-514-jdp. Casteel suggested as much in his objections to the magistrate judge's report and recommendation for dismissal, stating that "the Western District declined to allow [his] lawful claims to be heard," so it "makes real sense for the undersigned who failed to find justice elsewhere to come" to this court. ECF No. 17 at 4. Upon closer examination, however, it is unclear whether the instant petition challenges the same or a more recent parole decision and, thus, the preclusive effect, if any, of previous cases is likewise unclear. In any event, the court cannot tell from the face of the petition whether Casteel is entitled to relief. The respondents are therefore directed to file an answer to or a motion seeking dismissal of the petition within sixty days.

**IT IS THEREFORE ORDERED** that Casteel's second motion for leave to appeal *in forma pauperis* filed in this court (ECF No. 31) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the petition is dismissed with respect to Robinson, but will proceed under § 2254 with respect to Casteel.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order respondents shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondents file a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondents' answer within which to file his brief in support of his petition; (2) respondents shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and

(3) petitioner shall have 30 days following the filing of respondents' opposition brief within which to file a reply brief, if any.

If the respondents file a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondents' dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondents shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondents must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the petitioner is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because the petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, the petitioner need not mail to counsel for the respondents copies of documents sent to the Court.

      Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondents through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents, if any, on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of those respondents. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

      Dated this  15th  day of February, 2019.

      s/ William C. Griesbach
      William C. Griesbach, Chief Judge
      United States District Court