UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN ALBERT CASTEEL,
*also known as* Tayr Kilaab al Ghashiyah,

        Petitioner,

v.                                                     Case No. 18-C-1535

BRIAN FOSTER and
DANIEL J. GABLER,

        Respondents.

---

## DECISION AND ORDER

---

Petitioner John Albert Casteel, who is incarcerated at Waupun Correctional Institution, a restricted filer, and also known as Tayr Kilaab al Ghashiyah, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which has since been recharacterized as a petition brought under § 2254. Currently before the court is a motion by Respondents to dismiss the habeas petition as procedurally defaulted. Petitioner also filed a motion requesting bail pending the outcome of his habeas petition. For the reasons that follow, Respondents' motion to dismiss will be granted and Petitioner's motion for bail will be denied.

## BACKGROUND

Petitioner was convicted of armed robbery of two different banks on separate occasions and in two different trials; he was sentenced to fifty years in prison. *See State v. Casteel*, 2001 WI App 188, ¶ 1, 247 Wis. 2d 451, 634 N.W.2d 338. Since his incarceration, Petitioner has filed numerous motions and appeals challenging his convictions, including at least thirteen sets of motions before the circuit court challenging the robbery convictions alone. *Id.* at ¶ 12. In his eighth appeal before the Wisconsin Court of Appeals, the court dismissed his arguments, as it had in each previous

appeal, and concluded that Petitioner knew or should have known his appeal was "without any reasonable basis in law or equity" and "not supported by a good faith argument for an extension, modification or reversal of existing law." *Id.* at ¶ 19.

Petitioner filed a writ of habeas corpus with this court on September 27, 2018. His petition was initially denied, but the judgment was vacated and the case remanded by the United States Court of Appeals for this court to resolve the ambiguity of whether the Seventh Circuit's 2009 sanction against Petitioner, *see Al Ghashiyah v. Huibregtse*, No. 09-2775, slip op. at 2 (7th Cir. Oct. 26, 2009), applies to the present petition. Upon remand, the court determined that Petitioner appeared to challenge the denial of an application for parole rather than an underlying conviction, and directed Respondents to file an answer or otherwise respond. Respondents filed a motion to dismiss the habeas petition as procedurally defaulted.

Petitioner's application for parole was denied by the Wisconsin Department of Corrections on October 25, 2017. Dkt. No. 50 at 2. In denying Petitioner parole until at least March 2021, the parole commission considered Petitioner's: (1) 68 minor and 76 major conduct reports during his incarceration; (2) failure to return a completed release plan to his social worker in advance of the parole hearing; and (3) "unmet treatment needs, conduct issues, and a poor history of community supervision" that continue to present an "unreasonable risk." Dkt. No. 2 at 3. Following the denial of parole, Petitioner states he asked the Wisconsin Supreme Court for a writ of habeas corpus on January 3, 2018; the court denied review. Dkt. No. 1 at 22.

**ANALYSIS**

Petitioner did not challenge his adverse parole decision before the state courts in the manner and within the time prescribed by statute. This is a procedural default that cannot be cured as the time to bring such a claim has since expired; he cannot return to the state courts to exhaust claims

2

that are now time-barred. Petitioner fails to provide any cause to warrant a finding of prejudice that would otherwise excuse his procedural default. For these reasons, Respondents' motion to dismiss shall be granted.

A.  **Petitioner failed to present his constitutional claims in the state court system before filing those claims in his federal habeas petition**

State prisoners are required to "exhaust" the remedies available to them in the state courts before a federal district court will consider the merits of constitutional claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (noting that if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A federal district court cannot address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citation omitted).

"A petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Villanueva v. Anglin*, 719 F.3d 769, 775 (7th Cir. 2013)). A petitioner exhausts his constitutional claim when he has presented it to the highest state court for a ruling on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Arrieta v. Battaglia*, 461 F.3d 861, 863 (7th Cir. 2006). A petitioner must fairly present his claims, which "requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system,

3

including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (citing *O'Sullivan*, 526 U.S. at 845) (citation omitted). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Petitioner did not exhaust his state court remedies for wrongful denial of parole. Petitioner cites numerous appeals before the Wisconsin state courts throughout the materials filed with his habeas petition, ostensibly to show that he exhausted his claims in state court. These include the Wisconsin state court appeals identified as 17AP2209, 2015AP2125-W, 2017XX103-W, and 2017XX159-W. Dkt. No. 51 at 2. Petitioner also mentions a writ of habeas corpus made to the Wisconsin Supreme Court on January 3, 2018. Dkt. No. 1 at 22. However, Petitioner fails to explain how this writ or these appeals directly relate to the parole denial at issue here. In any event, none of these cases satisfy Petitioner's requirement to properly exhaust his federal claims by first seeking certiorari in the state circuit court and presenting his parole challenge before each level in the Wisconsin state court system. Prior claims on related or unrelated issues will not suffice.

In some cases presenting unexhausted claims or mixed claims, the petition is stayed by the federal district court and returned to the state courts for total exhaustion. The Supreme Court has explained that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (citing *In Ex parte Royall*, 117 U.S. 241, 251 (1886)). However, as explained in the discussion that follows, some claims cannot be remanded to the state courts to be exhausted if the

4

time to meet the state procedural requirements to raise such claims has expired. Petitioner's claims fall in this category, having been procedurally defaulted by the passage of time.

B.  **As Petitioner procedurally defaulted on his claims in the state court system, they cannot be reviewed in a federal habeas petition**

Even if a petitioner exhausts review of his constitutional claim in the state courts, it is possible that a federal habeas court cannot review the claim on the merits because of a "procedural default." A petitioner "procedurally defaults" his claim—and loses his right to federal habeas review—if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). A petitioner also procedurally defaults if he "fails to exhaust, and the court to which he would have been permitted to present his claims would now find such claims procedurally barred." *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "Thus, when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *O'Sullivan*, 526 U.S. at 853–54). In these scenarios, the procedural default precludes a return to state court for exhaustion: "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*, 501 U.S. at 731–32.

A state procedural bar must rest on state law that is adequate and independent. A state ground is independent when it does not "rest primarily on federal law" or is "interwoven with the

5

federal law." *Coleman*, 501 U.S. at 733 (quoting *Michigan v. Long*, 463 U.S. 1032 (1983)). A state law ground is adequate "when it is a firmly established and regularly followed state practice at the time it is applied." *Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012) (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010)).

Petitioner procedurally defaulted on his present challenge by not first challenging the parole commission's determination in state circuit court within the time permitted by statute. The denial of Petitioner's parole occurred on October 25, 2017. Petitioner had 45 days to challenge his denial of parole by filing a petition for writ of certiorari with the Wisconsin circuit court. Wis. Stat. § 893.735(2) ("An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues."); *see also State v. Cruz*, 2012 WI App 88, ¶ 2, 343 Wis. 2d 677, 819 N.W.2d 562. Petitioner has not adequately identified any challenge made in the circuit court within 45 days of his adverse parole determination. Thus, he procedurally defaulted by failing to meet the technical requirements required under Wisconsin law.

Even if this court dismissed Petitioner's writ without prejudice, he could not return to the state courts with his present claim as the statutorily permitted 45-day period to bring such a challenge elapsed in December 2017. In other words, as Petitioner defaulted or missed his opportunity to properly raise his claim in accordance with Wisconsin state procedures, he has procedurally defaulted and forfeited his opportunity to challenge his parole denial.

Further, there is no showing that the state procedures that time-bar Petitioner's claims are neither independent nor adequate. The statute barring Petitioner's claim, Wis. Stat. § 893.735(2), is plainly independent of federal law. Wisconsin courts have regularly applied this statute in

6

evaluating challenges to parole, making it an adequate state procedure. *See State ex rel. McAfee v. Nagle*, No. 2015AP100, 2016 WL 8578201 (Wis. Ct. App. Jan. 27, 2016); *State v. Covington*, No. 2014AP673, 2015 WL 13134151 (Wis. Ct. App. Sept. 10, 2015).

A petitioner may excuse a procedural default by showing circumstances that pass the "cause-and-prejudice test" or that refusal to hear the petitioner's claims would result in a miscarriage of justice. *See Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010); *Coleman*, 501 U.S. at 750. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Davila v. Davis*, 137 S. Ct. 2058, 2064–65 (2017) (citing *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *Coleman*, 501 U.S. at 750). To prove cause, "the prisoner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner." *Id.* (citing *Coleman*, 501 U.S. at 753); *see also Crutchfield v. Dennison*, 910 F.3d 968, 973 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 1587, 203 L. Ed. 2d 716 (2019).

Petitioner is adept at filling with this court and others. He has not shown any objectively external factor that would have prevented him from filing a petition challenging his parole denial with the circuit court as required by Wisconsin law. There is no reason that a petitioner in a § 2254 case should lack knowledge of the facts underlying his claim for federal relief, since he must have first given the state courts a full and fair opportunity to address it before a federal court can even consider it. This is not a new circumstance for Petitioner. In evaluating Petitioner's eighth postconviction motion, the Wisconsin Court of Appeals noted that he offered no justification for

7

why he failed to bring his claims on direct appeal or in his initial postconviction motion in accordance with Wisconsin law. *Casteel*, 247 Wis. 2d 451, ¶ 13. Without facts to evaluate what occurred, neither cause nor prejudice can be shown to excuse Petitioner's procedural default.

Nor is this court convinced that manifest injustice would result from failing to hear Petitioner's claims. "To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, [the Supreme Court] explicitly tied the miscarriage of justice exception to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner does not challenge his underlying conviction based upon an allegation of innocence but only the denial of his parole. Because this case does not turn on Petitioner's innocence, a finding of a miscarriage of justice would be inappropriate. Petitioner has failed to meet either exception to procedural default. Accordingly, Respondents' motion to dismiss is granted and the habeas petition is denied.

**C. Petitioner's motion for bail pending federal habeas relief is denied**

Petitioner filed a motion on August 23, 2019, requesting the court grant a bail bond pending review of his habeas petition. Federal courts have the authority to grant bail to petitioners seeking § 2554 relief in some extraordinary circumstances at the discretion of the court. "There is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). "A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated." *Bolante v. Keisler*, 506 F.3d 618, 620 (7th Cir. 2007). Such motions are to be

granted "sparingly" because "a petitioner for habeas corpus, unlike a pretrial detainee, has already been convicted of a crime rather than having merely been charged." *See Bolante v. Keisler*, 506 F.3d 618, 620 (7th Cir. 2007). Having determined that petitioner's petition for federal relief must be denied, his motion for bail pending § 2554 relief must also be denied as moot.

## CONCLUSION

For the reasons explained above, Respondents' motion to dismiss (Dkt. No. 47) is **GRANTED** and Petitioner's petition for writ of habeas corpus is denied as procedurally defaulted. Petitioner's motion for a bail bond pending review of his habeas corpus petition (Dkt. No. 62) is **DENIED as moot**. Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The court concludes that its decision is neither incorrect nor debatable among jurists of reason. Accordingly, a certificate of appealability will be **DENIED**. The Clerk is directed to enter judgment denying the petition as procedurally defaulted and dismissing the action.

A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed.

R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** this ___30th___ day of September, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court